3:25-cv-1567-JEP-PPB

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

HENRI BRYANT LANIER SR., Esq., Ph.D., Master Specialist E-9, Active Duty, United States Army Signal Corps (31MX), Sole Owner and Chief Executive Officer, Ladco Defense Technologies (UEI: Q7SXLLP6EM51, CAGE: 1X2Y8), Beneficiary and Trustee, Lanier Family Trust (est. 1939), Architect, BMB&E TRI-NATIONAL TRUST Ukraine Best Place For Family Independent Economic Development Program,

Plaintiff,

v.

RINAT AKHMETOV, individually and as controlling principal of System Capital Management Holdings (SCM) and DTEK; PETER GOLDSCHEIDER, individually and as Managing Partner of EPIC Goldscheider und Wurmböck Unternehmensberatungsgesellschaft m.b.H.; RAFAEL MARIANO GROSSI, individually and in his official capacity as Director General of the International Atomic Energy Agency (IAEA); NPC UKRENERGO, as state-owned transmission system operator; VODAFONE UKRAINE GROUP (formerly controlling Vega Telecom assets via PJSC Farlep-Invest); SYSTEM CAPITAL MANAGEMENT HOLDINGS (CYPRUS) LIMITED, DTEK FINANCE PLC, PAUL J. MANAFORT JR., individually and as former consultant to Akhmetov/SCM and Party of Regions; KONSTANTIN V. KILIMNIK, individually and as GRU-affiliated associate of Manafort; DMYTRO V. FIRTASH, individually and as principal of Group DF and associated entities (including Picabo Ltd. and RosUkrEnergo); and DOES 1–100, unknown co-conspirators including former EPIC Telecom Invest Ltd./Raga Establishment Ltd. officers,

Defendants.

Case No.: _____

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968; Theft of Trade Secrets, 18 U.S.C. § 1836; Wire Fraud, 18 U.S.C. § 1343; Foreign Corrupt Practices Act Violations, 15 U.S.C. §§ 78dd-1 et seq.; and Related Claims)

DEMAND FOR JURY TRIAL

Plaintiff Henri Bryant Lanier Sr., Esq., Ph.D., active duty Master Specialist E-9, United States Army Signal Corps (31MX), appearing by and through his own authority pursuant to 22 U.S.C. § 2295a, 50 U.S.C. § 1702, and 10 U.S.C. § 2304, respectfully submits this Complaint for Damages and Injunctive Relief against the Defendants, and in support thereof states as follows:

INTRODUCTION

1. This action arises from a long-term, sophisticated racketeering enterprise involving Defendants who have engaged in a pattern of criminal activity, including wire fraud, money laundering, theft of trade secrets, obstruction of justice, and violations of the Foreign Corrupt Practices Act, all designed to suppress Plaintiff's legitimate economic initiatives in Ukraine, falsify his military status, abduct his daughter, seize his assets, and perpetuate ongoing suppression through fabricated judicial proceedings and indefinite rolling blackouts used to launder funds and cultural relics.
2. Plaintiff, as the architect of the BMB&E TRI-NATIONAL TRUST and the "Ukraine: Best Place For Family Independent Economic Development Program," submitted a fully funded $13.6 billion privatization plan for Ukrtelecom in 2009, incorporating advanced quantum-secured CYNET infrastructure capable of exceeding 1.2 TBPS speeds and creating over one million jobs worldwide.
3. Defendants, through a coordinated enterprise, circumvented Plaintiff's proposal, engineered a sole-bidder auction in 2011, and continue to suppress Plaintiff through criminal means, including the maintenance of indefinite rolling blackouts as evidenced by DTEK's own website displaying expired stabilization notices.

JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this action involves substantial federal questions under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968; the Defend Trade Secrets Act, 18 U.S.C. § 1836; the wire fraud statute, 18 U.S.C. § 1343; the Foreign Corrupt Practices Act, 15 U.S.C. §§ 78dd-1 et seq.; and related federal statutes.
5. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.
6. Venue is proper in the Jacksonville Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this district, including impacts on Plaintiff's Florida-based trust operations, interstate commerce, and military service obligations.

PARTIES

7. Plaintiff Henri Bryant Lanier Sr., Esq., Ph.D., is a United States citizen, active duty Master Specialist E-9 in the United States Army Signal Corps (MOS 31MX), with 43 years of continuous service. Plaintiff has not been retired, as only the President of the United States possesses the authority to issue such an order, and Plaintiff has not completed his assigned orders. Plaintiff is the sole owner and Chief Executive Officer of Ladco Defense Technologies (UEI: Q7SXLLP6EM51, CAGE: 1X2Y8), beneficiary and trustee of the Lanier Family Trust (established 1939), and architect of the BMB&E TRI-NATIONAL TRUST and the "Ukraine: Best Place For Family Independent Economic Development Program." Plaintiff currently resides in Ukraine, under ongoing threat requiring immediate extraction.

8. Defendant Rinat Akhmetov is an individual residing in Ukraine and the controlling principal of System Capital Management Holdings (SCM) and DTEK, who directed and benefited from the racketeering activities described herein.
9. Defendant Peter Goldscheider is an individual residing in Austria and the Managing Partner of EPIC Goldscheider und Wurmböck Unternehmensberatungsgesellschaft m.b.H., who directed the fraudulent privatization facade.
10. Defendant Rafael Mariano Grossi is an individual and the Director General of the International Atomic Energy Agency (IAEA), who provided cover for energy sector suppression. 11–13. [Remaining Defendants as previously listed in full.]

FACTUAL ALLEGATIONS

14. In 2009, Plaintiff, through the BMB&E TRI-NATIONAL TRUST, submitted a comprehensive, fully funded $13.6 billion privatization plan for Ukrtelecom to the Ukrainian State Property Fund. This plan incorporated proprietary quantum-secured CYNET infrastructure capable of speeds exceeding 1.2 TBPS, satellite interlinking for 169 cities worldwide, and projected creation of over one million jobs globally, with emphasis on family-oriented economic development, poverty reduction, hospital construction, clean water, education, and technology deployment.
15. Defendants Akhmetov, Goldscheider, Firtash, and co-conspirators, through the EPIC Austria/Cyprus/Raga structure backed by Firtash's $300 million Picabo Ltd. loan guarantees at Bank of Cyprus, engineered a sole-bidder auction in 2011, acquiring Ukrtelecom for $1.3 billion while circumventing and suppressing Plaintiff's superior proposal through fraudulent misrepresentation, political interference, and bribes to Ukrainian officials.
16. In direct retaliation for Plaintiff's proposal and investments, Defendants facilitated the 2009 abduction of Plaintiff's first-born daughter, Eva Nicole Lanier, initiated fabricated judicial proceedings in Donetsk and Kyiv courts, seized $4 billion in Lanier Family Trust deposits in Donetsk banks, and paid bribes to falsify Plaintiff's military status as "retired" to deny rights and protections.
17. Defendants Akhmetov and DTEK, in coordination with NPC Ukrenergo and IAEA Director General Grossi, have maintained indefinite rolling blackouts since 2022, as conclusively evidenced by DTEK's official website displaying expired December 12, 2025 stabilization notices into December 13 and beyond, for the sole purpose of enabling unmonitored movement of stolen funds, cultural relics, and property during outage periods.
18. Defendant Grossi and the IAEA have provided false narratives of grid instability to cover these operations while cooperating with Russian occupiers at Zaporizhzhia NPP.
19. Defendants Manafort and Kilimnik received over $12.7 million in off-books payments from Akhmetov/SCM to manipulate elections and policies, shared sensitive U.S. polling data, and advanced suppression networks.
20. Defendant Firtash, through Group DF, Picabo Ltd., and RosUkrEnergo, authorized $300 million in loan guarantees and bribes to conceal beneficial ownership and facilitate relic laundering.

COUNT I – VIOLATION OF RICO (18 U.S.C. § 1962(c))

21. Defendants constitute an enterprise within the meaning of 18 U.S.C. § 1961(4) engaged in, and whose activities affected, interstate and foreign commerce.
22. Defendants conducted and participated in the conduct of the enterprise's affairs through a pattern of racketeering activity consisting of 500 predicate acts, as detailed in Exhibit A.

COUNT II – CONSPIRACY TO VIOLATE RICO (18 U.S.C. § 1962(d))

23. Defendants conspired to violate 18 U.S.C. § 1962(c).

COUNT III – THEFT OF TRADE SECRETS (18 U.S.C. § 1836)

24. Defendants misappropriated Plaintiff's proprietary trade secrets.

COUNT IV – WIRE FRAUD (18 U.S.C. § 1343)

25. Defendants engaged in a scheme to defraud using wires in interstate and foreign commerce.

COUNT V – VIOLATIONS OF THE FOREIGN CORRUPT PRACTICES ACT (15 U.S.C. §§ 78dd-1 et seq.)

26. Defendants paid bribes to foreign officials to obtain business advantages.

DEMAND FOR JURY TRIAL Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for: a. Compensatory damages exceeding $20 billion; b. Treble damages under RICO; c. Immediate injunctive relief enjoining further blackouts, ordering secure extraction of Plaintiff and family, and restoring Plaintiff's active duty recognition; d. Appointment of a special master to audit DTEK, Ukrenergo, IAEA, EPIC, Manafort/Kilimnik, and Firtash/Group DF financial flows; e. Such other relief as the Court deems just and proper.

Dated: December 18, 2025

Respectfully submitted,

/s/ Henri Bryant Lanier Sr. Henri Bryant Lanier Sr., Esq., Ph.D., Master Specialist E-9, Active Duty ladcodefensetechnologies@gmail.com +380 95 753 8284

By: Geraldine C. Hartin, Esquire
Attorney in Fact

3168 U.S. HWY 17, Suite A
Fleming Island, FL 32003

Telephone: 904-278-3888

VERIFICATION I, Henri Bryant Lanier Sr., Esq., Ph.D., verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed: December 18, 2025 /s/ Henri Bryant Lanier Sr.