United States District Court
Middle District of Florida
Jacksonville Division

**HENRI BRYANT LANIER SR.,**

    *Plaintiff,*

v.                                                                      NO. 3:25-cv-1567-JEP-PDB

**RINAT AKHMETOV ET AL.,**

    *Defendant.*

## Report and Recommendation

The plaintiff, proceeding without a lawyer, sues the defendants for alleged theft of trade secrets, wire fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act and the Foreign Corrupt Practices Act. Doc. 1. He alleges that the defendants "suppress[ed his] legitimate economic initiatives in Ukraine, falsif[ied] his military status, abduct[ed] his daughter, seize[d] his assets, and perpetuate[d] ongoing suppression through fabricated judicial proceedings and indefinite rolling blackouts used to launder funds and cultural relics." Doc. 1 at 2. The events allegedly occurred in 2009, 2011, and 2025.

The undersigned ordered the plaintiff to file a signed complaint and pay the $405 filing fee or apply to proceed without prepaying fees or costs by February 6, 2026. Doc. 2. The undersigned attached the form application to the order. Doc. 2-1.

Because the plaintiff failed to provide his address, the clerk was unable to send him the order. He likewise failed to provide his address in another

action he filed on the same day. *See Lanier v. Rubio*, 3:25-cv-1568-JEP-PDB. He provided an email address, but to manage the court's heavy docket, the clerk's office uses U.S. Mail and CM/ECF to send and receive papers. Public terminals for reviewing dockets are available in the clerk's office.

Since filing the complaint, the plaintiff has filed nothing.

A party is responsible for providing contact information to the court and keeping the information current with the court. *Cf. Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982) (stating that it was "fair and reasonable for the plaintiff … to assume the burden of advising … of address changes or to take other reasonable steps to ensure delivery of the notice to his current address").

Under the authority "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," a district court has inherent power to dismiss a case for lack of prosecution or failure to obey a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

The plaintiff has failed to provide his mailing address and has failed to comply with the order directing him to file a signed complaint and pay the filing fee or apply to proceed without prepaying fees. *See* Doc. 2. No clear record of delay or willful conduct is present. The undersigned therefore **recommends**

2

(1) dismissing the action without prejudice and (2) directing the clerk to close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on February 24, 2026.

*Patricia D. Barksdale*
Patricia D. Barksdale
United States Magistrate Judge

c:   Henri Bryant Lanier Sr.